UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAIDU, INC. and BEIJING BAIDU NETCOM
SCIENCE & TECHNOLOGY CO., LTD.,

Plaintiffs,

v.

REGISTER.COM, INC.

Defendant.

Civil Action No. 10 CV 444

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Baidu, Inc. and Beijing Baidu Netcom Science and Technology Co., Ltd., a company controlled by Baidu, Inc. ("Baidu Netcom," collectively with Baidu, Inc., "Baidu"), by their attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, for their complaint against defendant Register.com, Inc. ("Register.com" or "Defendant"), allege as follows:

### Nature of the Action

1.    This is an action for damages under the Lanham Act for contributory trademark infringement and under New York law for breach of contract, gross negligence and recklessness, tortious conversion, trespass, and breach of the duty of bailment.

2.    Baidu is an Internet search engine provider that operates the largest search engine service in China and the third largest search engine service in the world.

3.    Defendant is a registrar of Internet domain names, including the "baidu.com" domain name of Baidu, and provides Internet traffic routing services for the owners of such domain names, including Baidu. Defendant knows that its commercial clients, such as Baidu, depend on Defendant for the continuity of their business operations.

4.    Nonetheless, on January 11, 2010, Defendant—in the manner described below—released proprietary and highly confidential Baidu information—the user name and password that Baidu uses to access its account with Defendant—to an unauthorized person.

1

Defendant thus provided that person with access to Baidu's confidential account information, and with the means to alter that information. As a proximate result, Baidu's account was vandalized so that Internet traffic intended for Baidu and accessed through the "baidu.com" domain name was misdirected to a webpage depicting an Iranian flag and broken Star of David and proclaiming: "This site has been hacked by the Iranian Cyber Army." In addition, Baidu was locked out of its account—thus precluding the re-routing of traffic to Baidu's website.

5.    Baidu's operations were thus interrupted for approximately five hours and did not fully resume for two days—resulting in serious and substantial injury to Baidu's reputation and business, including millions of dollars of lost revenue and out-of-pocket costs expended in restoring service to its users.

**The Parties**

6.    Plaintiff Baidu, Inc. is a corporation organized under the laws of the Cayman Islands, with its principal place of business at No. 10 Shangdi 10th Street, Haidian District, Beijing, 100085, People's Republic of China.

7.    Plaintiff Baidu Netcom is a corporation organized under the laws of the People's Republic of China, with its principal place of business at 2/F Baidu Plaza, No.10 Shangdi 10th Street, Haidian District, Beijing, 100085, People's Republic of China.

8.    Upon information and belief, Defendant is a corporation duly organized under the laws of the State of Delaware, with its principal place of business at 575 8th Ave., New York, New York 10018.

**Jurisdiction and Venue**

9.    This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the common law of the State of New York. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1332(a)(2). Baidu, Inc. is a corporation organized under the

laws of the Cayman Islands. Baidu Netcom is a corporation organized under the laws of the People's Republic of China. Defendant Register.com is a Delaware corporation with its principal place of business in New York. The amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

10.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is found in this District and because Defendant consented by contract to be subject to the jurisdiction of this Court.

11.     The contract at issue specifies that it will be governed by and construed in accordance with the laws of the State of New York.

12.     Venue is proper in this District under 28 U.S.C. § 1391(a)(1) & (c) and because the contract at issue specifies that controversies shall be adjudicated in this District.

## FACTS

13.     Plaintiff Baidu, Inc. is the largest Internet search provider in China, with an estimated share of over 70% of Chinese-language Internet search services based on query volume.

14.     A primary source of Baidu's income is revenue from Internet-based marketing and advertising services, for which marketing customers and advertisers generally pay based on the number of "click-throughs" and page views by Internet users of Baidu's search engine.

15.     The name "Baidu" is a registered trademark of Baidu, Inc.

16.     Since September 1999, Baidu has owned the world-famous domain name "baidu.com" which is registered with Defendant. Defendant is an ICANN-accredited

Internet domain resolver; it provides domain name registration services for its clients, routes Internet traffic to its clients' websites, and also provides account security and customer service.

17.     Defendant knows—or would be reckless in not knowing—(a) that its clients include businesses, like Baidu, engaged in Internet-based commercial operations, (b) that Defendant is an essential conduit of Internet traffic intended for its clients, and (c) that Baidu and Defendant's other business clients thus depend on Defendant for the continuity of their business operations.

18.     On January 11, 2010, at about 5:03 p.m. EST, an unauthorized person claiming to be an agent of Baidu (the "Imposter") contacted Defendant through a "tech support" Internet chat operated by Defendant and requested that Defendant change the e-mail address that it had on file for communicating with Baidu.  Defendant asked the Imposter to provide security verification information.  Even though the Imposter provided <u>incorrect</u> information, thus raising a red flag that something was amiss, Defendant e-mailed a security code to the e-mail address Baidu had on file for the account, and asked the Imposter to convey the security code back to Defendant via the Internet chat as part of Defendant's verification procedure.

19.     Not having access to Baidu's e-mail account, the Imposter of course did not receive the security code, but replied to Defendant in the chat with a bogus code—*i.e.*, a different code than the one that Defendant had just e-mailed to Baidu.  Defendant, however, failed to compare the code received from the Imposter to the code Defendant had mailed to Baidu.  Instead, Defendant acceded to the Imposter's request and changed the e-mail address it had on file for Baidu (an address using the "baidu.com" domain name) to a new e-mail address provided by the Imposter: "antiwahabi2008@gmail.com."

20.     Incredibly, Defendant thus changed the e-mail address on file from one that was clearly a business address and contained the name of the account owner, to an e-mail address that conveyed a highly politically charged message ("antiwahabi"), with the domain name ("gmail.com") of a competitor of Baidu, at the request of an individual who not only could not produce the correct security verification, but actually produced false information twice during the verification process.

21.     This reckless action by Defendant gave the Imposter full access to Baidu's account with Defendant.  Once the e-mail address for the account was changed to the Imposter's e-mail address, the Imposter simply accessed Defendant's website and requested access to the Baidu account.  When Defendant's system asked the Imposter for Baidu's user name and password, the Imposter used the automated "forgot password" utility on Defendant's system to have the user name and a web link allowing the Imposter to change the password sent to the Imposter's e-mail address—thereby obtaining full access to the baidu.com account.

22.     Once inside the baidu.com account, the Imposter altered the Domain Name System ("DNS") address of baidu.com, thereby re-routing traffic from Baidu's website to the rogue website.  By approximately 5:48 p.m. EST—less than 45 minutes after the Imposter first contacted Defendant to gain access to Baidu's account—Internet users attempting to access the Baidu search engine through the baidu.com domain name were routed instead to a webpage depicting an Iranian flag and a broken Star of David and proclaiming "This site has been hacked by the Iranian Cyber Army"—and were precluded from gaining access to Baidu's search engine service.

23.     Defendant's online chat representative refused to help when Baidu asked for assistance, and Baidu was unable to reach Defendant by telephone—despite the promise on

Defendant's home page that customers can "[s]peak to a knowledgeable service specialist any time you have questions - 24/7." Remarkably, Defendant's gross negligence and reckless disregard of Baidu's pleas for assistance continued even after Baidu contacted Defendant to demand that Defendant restore Baidu's service. Defendant did not begin restoration work until two hours after first being contacted by Baidu, although the urgency of the situation was made clear to Defendant in numerous calls and online tech support chats from Baidu.

24.    Full service was not restored to Baidu and its users for two days. As a direct and proximate result, Baidu suffered damages mounting into the millions of dollars, including lost revenue from its search engine service, out-of-pocket expenses addressing the catastrophe and responding to public and customer inquiries, and damage to Baidu's commercial reputation and the value of its business.

## COUNT ONE: CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

25.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 23 above.

26.    Baidu, Inc. owns the registered trademark "Baidu."

27.    The registered trademark "Baidu" is valid and subsisting. The trademark has been in regular use since at least February 15, 2000. The domain name "baidu.com" incorporates the "Baidu" trademark and constitutes one of the primary commercial uses of the "Baidu" trademark.

28.    The Imposter's use of the trademark "Baidu" in the "baidu.com" domain name during the events of January 11 and following for the purpose of confusing Baidu's users—and redirecting them to the Imposter's rogue website—constituted infringement of Baidu's trademark in violation of the Lanham Act, 15 U.S.C. § 1114(a)(1).

29.    Defendant knowingly supplied the exclusive use of the Baidu account and domain name—including the "Baidu" trademark—to the Imposter.    Defendant knowingly continued to supply the Imposter with that exclusive use even after Baidu informed Defendant of the infringement.

30.    Defendant knew, or should have known because of the Imposter's lack of proper authenticating credentials and other highly suspicious conduct described above, that the Imposter intended to use the account and trademark for illicit purposes.    In the alternative, defendant was willfully blind to, and therefore acted with constructive knowledge of, the Imposter's illicit purpose for hijacking Baidu's account and domain name, and thus rendered itself liable for the trademark infringement that occurred as a proximate result of Defendant's actions.

31.    By placing and maintaining the Imposter in a position of exclusive dominion over Baidu's account and domain name, in violation of its own security policies, and refusing to return such dominion to Baidu when requested to do so, Defendant directly controlled, monitored and assisted the Imposter's method of infringement.

32.    Baidu is entitled to damages in an amount to be determined at trial, to the costs of this action, and to attorneys' fees.

33.    Defendant's conduct warrants the award of treble damages to Baidu.

## COUNT TWO: BREACH OF CONTRACT

34.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 33 of the above.

35.    Defendant's Service Agreement binds it to provide the contracted-for services, including provision of a domain name, routing Internet traffic to Baidu's website, account security, and customer service.

36.     Baidu has complied with all of its obligations under the Service Agreement.

37.     Defendant breached its obligations to Baidu when, through its recklessness and gross negligence, Defendant provided the Imposter with highly confidential and proprietary information that proximately and foreseeably led to the vandalization of Baidu's account and the disruption of its commercial services.

38.     Baidu is entitled under New York law to recover from Defendant all actual damages that Baidu incurred as a result of Defendant's reckless and grossly negligent breach.

## COUNT THREE: GROSS NEGLIGENCE / RECKLESSNESS

39.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 38 above.

40.     Defendant has a duty to maintain the confidentiality and security of Baidu's confidential and proprietary information.

41.     Defendant had a duty to provide continuous service to Baidu, including correctly routing Internet traffic to Baidu's website.

42.     In addition, Defendant has a duty to adopt and follow reasonable security measures to ensure the reliability and integrity of Defendant's services and protect its clients, including Baidu, from vandalism and loss.

43.     In breach of these duties, Defendant was reckless and grossly negligent in providing an unauthorized third party with access to Baidu's account, failing to implement adequate security procedures, and failing to follow even Defendant's own most basic security procedures.  In addition, Defendant recklessly and with gross negligence failed to respond promptly and adequately to this serious breach of security with respect to Baidu's account.

44.     Defendant's actions caused a major interruption of Baidu's business operations, resulting in significant lost revenue and out-of-pocket expenses and damage to Baidu's commercial reputation and the value of its business.

## COUNT FOUR: TORTIOUS CONVERSION

45.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above.

46.     By engaging in the conduct described above, Defendant wrongfully converted Baidu's proprietary and confidential account information and electronic records held in safe-keeping by Defendant, as well as Baidu's domain name baidu.com.  Under New York law, Defendant's reckless and grossly negligent actions constituted tortious conversion of Baidu's property.

47.     Defendant's tortious conversion of Baidu's property proximately caused a major interruption of Baidu's business operations, resulting in significant lost revenue and out-of-pocket expenses and damage to Baidu's commercial reputation and the value of its business.

## COUNT FIVE: AIDING AND ABETTING TORTIOUS CONVERSION

48.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 47 above.

49.     Defendant's reckless and grossly negligent conduct in allowing an unauthorized third-party to gain access to and use and control of Baidu's confidential electronic records and account and to hijack its baidu.com domain name substantially assisted the Imposter's illegal actions and aided and abetted the third party's conversion of Baidu's property.

50.     Defendant's aiding and abetting of the Imposter's tortious actions proximately caused a major interruption of Baidu's business operations, resulting in significant

lost revenue and out-of-pocket expenses and damage to Baidu's commercial reputation and the value of its business.

## COUNT SIX: AIDING AND ABETTING TRESPASS

51.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 50 above.

52.    By its intentional and deceitful procurement of access to and entry upon Baidu's confidential electronic records and account with Register.com and related property owned by Baidu as described above, the Imposter committed trespass upon Baidu's property.

53.    By replacing baidu.com's search service interface with the politically-charged graphic described above, the Imposter committed trespass upon Baidu's reputation.

54.    As alleged above, Defendant recklessly and with gross negligence disregarded the risks involved in allowing an unauthorized third-party to gain access to and use and control of Baidu's confidential electronic records and account and to hijack its baidu.com domain name.

55.    By providing the Imposter with access to Baidu's property as described above, Defendant rendered substantial assistance to the Imposter in its trespass on Baidu's property. This substantial assistance, given with reckless disregard of the Imposter's wrongful trespass, aided and abetted the Imposter in its trespass on Baidu's property.

56.    Defendant's aiding and abetting of the Imposter's trespass proximately caused a major interruption of Baidu's business operations, resulting in significant lost revenue and out-of-pocket expenses and damage to Baidu's commercial reputation and the value of its business.

## COUNT SEVEN: BREACH OF DUTY OF BAILMENT

57.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 56 above.

58.    Baidu's entrustment to Defendant of its baidu.com domain name, confidential user name and password, DNS address, and other electronic information related to Baidu's account with Defendant constituted a bailment for the mutual benefit of the parties under New York law.

59.    As custodian and bailee of Baidu's aforementioned property, Defendant had a duty to use ordinary care to safeguard the property.

60.    Defendant breached that duty when Defendant recklessly and with gross negligence allowed the Imposter to use and exercise control over Baidu's property.

61.    Under New York law, Defendant must account for loss of, or damage to, Baidu's property when, in a breach of its duty, it provides an unauthorized party the use of the property.

62.    Defendant's breach of its duty as bailee caused a major interruption of Baidu's business operations, resulting in significant lost revenue and out-of-pocket expenses and damage to Baidu's commercial reputation and the value of its business.

## PRAYER FOR RELIEF

WHEREFORE, Baidu demands judgment against Defendant as follows:

(a)    awarding Baidu actual damages in an amount to be determined at trial;

(b)    awarding Baidu treble damages in an amount to be determined at trial;

(b)    awarding Baidu punitive damages in an amount to be determined at trial; and

(c)    awarding Baidu interest, costs, and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable in this Complaint.

Dated:    January 19, 2010
          New York, New York

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
        Carey Ramos (cramos@paulweiss.com)
        Marc Falcone (mfalcone@paulweiss.com)
        Roberto Finzi (rfinzi@paulweiss.com)

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Plaintiffs Baidu, Inc. and Beijing Baidu Netcom Science and Technology Co., Ltd.*