UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BAIDU, INC. and BEIJING BAIDU NETCOM
SCIENCE & TECHNOLOGY CO., LTD.,

              Plaintiffs,

    v.

REGISTER.COM, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 10 Civ. 444 (DC)

### **DEFENDANT REGISTER.COM, INC.'S ANSWER TO COMPLAINT**

Defendant Register.com, Inc. ("Register" or "Defendant"), by its undersigned counsel, answers the Complaint of Baidu, Inc. and Beijing Baidu Netcom Science & Technology Co., Ltd. ("Baidu" or "Plaintiffs") as follows.

### **NATURE OF THE ACTION**

1.     Register admits that the Complaint purports to bring an action for damages under New York law for breach of contract and gross negligence and recklessness, but denies the legal sufficiency of Plaintiffs' claims and allegations and denies that Plaintiffs have any viable claim thereunder. No answer is required to the remaining allegations in Paragraph 1 because the claims to which such paragraph refers have been dismissed.

2.     Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies those allegations.

3.     To the extent that Paragraph 3 purports to state a legal conclusion, no response is required. To the extent a response is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies those

allegations, except admits that Register provides an administrative service by processing and submitting registrations for, and renewals of, domain names, including "baidu.com," to the applicable authoritative registry operator.

4. To the extent that Paragraph 4 purports to state a legal conclusion, no response is required. To the extent a response is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies those allegations, except admits that on January 11, 2010 a lock was placed on the "baidu.com" account.

5. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies those allegations.

## THE PARTIES

6. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies those allegations.

7. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies those allegations.

8. Register admits that it is a corporation duly organized under the laws of the state of Delaware and has an office at 575 8th Avenue, New York, New York 10018.

## JURISDICTION AND VENUE

9. To the extent Paragraph 9 refers to claims which have been dismissed, no answer is required. To the extent an answer is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, except admits that Register is incorporated in Delaware and has an office in New York. Register denies that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10. Register admits that Register has an office in New York, denies the remaining allegations, and refers to the document referenced in Paragraph 10 for a complete and accurate reflection of its contents.

11. Register refers to the document referenced in Paragraph 11 for a complete and accurate reflection of its contents.

12. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies those allegations, and refers to the document referenced therein for a complete and accurate reflection of its contents.

## FACTS

13. Register denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 13, and therefore denies those allegations.

14. Register denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 14, and therefore denies those allegations.

15. No answer is required to the allegations in Paragraph 15 because the claim to which such Paragraph refers has been dismissed.

16. Register denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 16, and therefore denies those allegations, except admits that "baidu.com" is a domain name registered with Register, that Register is accredited by ICANN, and that Register provides an administrative service by processing and submitting registrations for, and renewals of, domain names to the applicable authoritative registry operator.

17. Paragraph 17 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies those allegations.

18. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies those allegations, except admits that on January 11, 2010, at about 5:03 p.m. EST, a person claiming to be an agent of Baidu requested a change to Baidu's administrative e-mail address in a live chat with a Register customer service agent who then sought to verify the requester.

19. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies those allegations, except admits that the security code provided to Register's agent was not numerically identical to the one the agent had sent, and that on January 11, 2010, the administrative e-mail address for "baidu.com" was changed.

20. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations, except admits that on January 11, 2010, the administrative e-mail address for "baidu.com" was changed.

21. Paragraph 21 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies those allegations.

22. Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies those allegations, except admits that on January 11, 2010 the DNS address of "baidu.com" was changed.

23. To the extent that Paragraph 23 purports to state a legal conclusion, no response is required. To the extent a response is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies those

allegations, and refers to the document referenced therein for a complete and accurate reflection of its contents.

24. To the extent that Paragraph 24 purports to state a legal conclusion, no response is required. To the extent a response is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegation therein, and therefore denies those allegations.

## COUNT ONE:  CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

25–33. No answer is required to the allegations in Paragraphs 25 through 33 because the claim to which such Paragraphs refer has been dismissed.

## COUNT TWO:  BREACH OF CONTRACT

34. Register repeats and realleges each and every response to the allegations in Paragraphs 1 through 33 of the above.

35. Register denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 35, and therefore denies that allegation, and refers to the document referenced therein for a complete and accurate reflection of its contents.

36. Register denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 36, and therefore denies that allegation, and refers to the document referenced therein for a complete and accurate reflection of its contents.

37. Paragraph 37 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies the allegations therein.

38. Paragraph 38 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies the allegations therein.

## COUNT THREE: GROSS NEGLIGENCE/RECKLESSNESS

39. Register repeats and realleges each and every response to the allegations in Paragraphs 1 through 38 above.

40. Paragraph 40 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies the allegations therein.

41. Paragraph 41 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies the allegations therein.

42. Paragraph 42 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies the allegations therein.

43. Paragraph 43 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies the allegations therein.

44. Paragraph 44 purports to state a legal conclusion to which no response is required. To the extent a response is required, Register denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies those allegations.

## COUNT FOUR: TORTIOUS CONVERSION

45–47. No answer is required to the allegations in Paragraphs 45 through 47 because the claim to which such Paragraphs refer has been dismissed.

## COUNT FIVE: AIDING AND ABETTING TORTIOUS CONVERSION

48–50. No answer is required to the allegations in Paragraphs 48 through 50 because the claim to which such Paragraphs refer has been dismissed.

## COUNT SIX: AIDING AND ABETTING TRESPASS

51–56. No answer is required to the allegations in Paragraphs 51 through 56 because the claim to which such Paragraphs refer has been dismissed.

## COUNT SEVEN:  BREACH OF DUTY OF BAILMENT

57–62. No answer is required to the allegations in Paragraphs 57 through 62 because the claim to which such Paragraphs refer has been dismissed.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Register asserts the following affirmative defenses and reserves the right to amend this answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters "defenses," Register does not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' *prima facie* case against Register.

## FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the "unclean hands" doctrine.

### SEVENTH DEFENSE

Register is not liable because any alleged damages Plaintiffs suffered are not the result of reliance on statements or conduct of Register.

### EIGHTH DEFENSE

Register is not liable because the conduct of persons and/or entities other than Register was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs. Baidu's alleged damages were therefore not proximately caused by Register.

### NINTH DEFENSE

Register is not liable in whole or in part due to the contributory negligence or comparative fault of Baidu or others.

### TENTH DEFENSE

To the extent that the Complaint purports to allege a claim resulting from any alleged breach of any standard of care allegedly owed by Register, Register specifically denies that it breached any such standard of care.

### ELEVENTH DEFENSE

Plaintiffs failed to mitigate any damages that they may have suffered.

### TWELFTH DEFENSE

Plaintiffs have not established that Register is liable for any conduct for which punitive damages or treble damages could or should be awarded.

### THRITEENTH DEFENSE

Plaintiffs' claims against Register are barred because they fail to allege, and Plaintiff has not suffered, any cognizable injury attributed to any conduct by Register.

**FOURTEENTH DEFENSE**

Plaintiffs' claims for gross negligence/recklessness are barred as duplicative of Plaintiffs' breach of contract claim.

**FIFTEENTH DEFENSE**

Register reserves the right to raise any additional defenses, cross-claims, counterclaims, and/or third party claims not asserted herein of which it may become aware through discovery or other investigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant demands judgment dismissing Plaintiffs' Complaint in its entirety, and awarding to Defendant their costs, including attorneys' fees together with costs and disbursements of this action, and granting such order and further relief that this court deems just and proper.

Dated: New York, New York
August 9, 2010

      GIBSON, DUNN & CRUTCHER LLP

      By:___s/ Alexander H. Southwell___
           Orin Snyder (OS-3122)
           Alexander H. Southwell (AS-0997)

      200 Park Avenue, 47th Floor
      New York, New York 10166-0193

      Telephone: 212.351.4000
      Facsimile: 212.351.4035

      *Attorneys for Defendant*

100913381_2.DOC